IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                          :

Carol Stevens                         : Case Number-23-11137(mdc)

Debtor                                    : Chapter 13

                                                :

## ORDER

  And Now this day of                         , 2023 upon the consideration of the motion of Debtor for

an Order reconsidering the order of dismissal entered September 8, 2023 and any response

thereto it is hereby ORDERED:

Debtor's Motion is granted. The Order dismissing this matter is vacated.  The clerk shall file the

amended plan attached hereto. Trustee shall schedule a 341 Meeting of creditor.

                                        SO ORDERED:

                                        _____
                                        Coleman, Chief U. S. B. J.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| Carol Stevens | : Case Number-23-11137(mdc) |
| Debtor | : Chapter 13 |
| | : |

DEBTOR CAROL STEVEN'S MOTION TO RECONSIDER
AND VACATE ORDER OF DISMISSSAL

Debtor through counsel respectfully moves this Hon. Court for an Order reconsidering the dismissal of Debtor's Chapter 13, vacate the Order of dismissal and in support says:

1. This is a Chapter 13 matter filed on April 19, 2023

2. The purpose of the filing was to reorganize Debtor's financial affairs in the protection of the Bankruptcy Court.

3. Debtor filed a complete set of schedules A-J on June 5, 2023.

3. On June 5, 2023, Debtor filed a statement of financial affairs.

4. On June 5, 2023, Debtor filed a Chapter 13 plan.

5. Debtor had not made any payments since the filing of the plan.

6. Debtor has uploaded all remaining missing documents.

7. Debtor has through negotiation obtained an agreement settling the claim of Citadel Federal Credit Union for $4,000.  This saved Debtor $9,461.26.  Exhibit

8. With the reduction in the Citadel claim, Debtor's proposed plan payment is $348.01 for 54 months.  Plan attached as Exhibit

9. Debtor believes that cause exists to grant the relief requested.

WHEREFORE, Debtor respectfully requests this Honorable Court to enter an Order reconsidering the Order of dismissal, vacating the Order and allowing Debtor to proceed with her case along with all other such relief as this Honorable Court deems just and proper.

September 19, 2023                                        s/ Joseph Diorio, Esq

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                      :

Carol Stevens                               : Case Number-23-11137(mdc)

Debtor                                      : Chapter 13

                                            :

## MEMORANDUM OF LAW

Debtor Carol Stevens through counsel submits that within Memorandum of Law in support of her request to have the Order of dismissal reconsidered and vacated so that Debtor may proceed with her case

Background

Debtor is 76 years old.  Debtors financial difficulty began after obtaining a reverse mortgage on her real estate. Debtor fell behind on paying insurance and taxes. According to the Court's claim register the amount required to reinstate the mortgage is $4,963.53.  Claim Register, claim number two. Exhibit C.

Debtor wishes to have the opportunity to obtain a fresh start through the bankruptcy process. As the Court is well aware the overriding purpose of the Bankruptcy code is to provide the honest but unfortunate Debtor a fresh start. In re: Lalley, 91F.3d 491 (3rd. Cir., 1996), see also In re: Lammy, 356 B. R. 793(Bankr. E.D. Pa.2021)

Debtor believes that there is good cause to grant the requested relief.

3. <u>Debtor is permitted to cure missed trustee payments in amended plan.</u>

11 USC section 1322 allows the debtor to file an amended plan curing any default. This section maintains the emphasis of the code on the debtor's fresh start. See In re: <u>Thomas</u>, 626 B.R. 793 (Bankr. E.D. Pa.2021). The new plan payment takes care of the claims of all parties in this case.

WHEREFORE, Debtor respectfully requests this Honorable Court to enter an Order vacating the order of dismissal, ordering the attached proposed amended plan be filed with the clerk and to reinstate the Chapter 13.

September 19, 2023                         Legal Aid of Southeastern Pennsylvania

                                          BY: /s/ <u>Joseph Diorio, Esquire</u>
                                          JOSEPH DIORIO, ESQUIRE
                                          COUNSEL TO DEBTOR
                                          625 Swede Street
                                          Norristown, PA 19401
                                          610-275-5400
                                          PA-52601

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                                    :

Carol Stevens                                    : Case Number-23-11137(mdc)

Debtor                                                : Chapter 13

                                                           :

## CERTIFICATE OF SERVICE

Joseph Diorio, Esq certifies and says that on September 19, 2023 the within Motion was served on all parties via e-filing.

I CERTIFY THAT THE ABOVE IS TRUE, CORRECT AND TO THE BEST OF MY KNOWLEDGE AND BELIEF.  I UNDERSTAND THAT IF I MISREPRESENT THE TRUTH I AM SUBJECT TO PUNISHMENT

September 19, 2023                              s/ Joseph A. Diorio, Esq

EXHIBIT A

**From:** Kayla Seabrooks
**Sent:** Wednesday, September 6, 2023 4:08 PM
**To:** Joseph Diorio
**Subject:** Carol J Stevens Case 23-11137

Good afternoon Joseph,

Thank you for reaching out and making an offer on Carol's unsecured auto loan in the amount of $4,000.00.

I have reviewed the offer over with management and we accept the offer of $4,000 to be paid through the plan

Have a great day!
Kayla



**Kayla Seabrooks**

**Collections Bankruptcy/Recovery Specialist**

Collections

800-666-0191 **Ext.6293**

NMLS:**1826147**



EXHIBIT B

L.B.F. 3015.1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

In re: CAROL STEVENS

Chapter        13

Case No.      _23-11137___

Debtor(s)

# Chapter 13 Plan

⬜ Original
☒ x _1st_____Amended

Date:    _September 19, 2023_____

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-4. **This Plan may be confirmed and become binding, unless a written objection is filed.**

### IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE NOTICE OF MEETING OF CREDITORS.

**Part 1: Bankruptcy Rule 3015.1(c) Disclosures**

⬜ Plan contains non-standard or additional provisions – see Part 9
⬜ Plan limits the amount of secured claim(s) based on value of collateral -- see Part 4
⬜ Plan avoids a security interest or lien – see Part 4 and/or Part 9

**Part 2: Plan Payment, Length and Distribution – *PARTS 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE***

§ 2(a) Plan payments (For Initial and Amended Plans):

**Total Length of Plan:** 54_____months.

**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee") $ __18972.29_____
Debtor shall pay the Trustee $ 348.01____ per month for 54 __ months and then
Debtor shall pay the Trustee $_____ per month for the remaining_____months;

### or

Debtor shall have already paid the Trustee $_____ through month number _____and
then shall pay the Trustee $_____ per month for the remaining_____ months.

⬜ Other changes in the scheduled plan payment are set forth in § 2(d)

1

**§ 2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

**NONE**

**§ 2(c) Alternative treatment of secured claims:**
  ☐ **None.** If "None" is checked, the rest of § 2(c) need not be completed.

  ☐ **Sale of real property**
  *See § 7(c) below for detailed description*

  ☐ **Loan modification with respect to mortgage encumbering property:**
  *See § 4(f) below for detailed description*

**§ 2(d) Other information that may be important relating to the payment and length of Plan:**

**§ 2(e) Estimated Distribution:**

| | | | |
|---|---|---|---|
| A. | Total Priority Claims (Part 3) | | |
| | 1. | Unpaid attorney's fees | $0 |
| | 2. | Unpaid attorney's costs | $ 0 |
| | 3. | Other priority claims (e.g., priority taxes) | $2,554.37 |
| B. | | Total distribution to cure defaults (§ 4(b)) | $2,554.37 |
| C. | Total distribution on secured claims (§§ 4(c) &(d)) | | $4,963.53 |
| D. | Total distribution on general unsecured claims(Part 5) | | $ 9,566.00 |
| | | Subtotal | $17,708.39 |
| E. | | Estimated Trustee's Commission | $1,708.39 |
| F. | | Base Amount | $ 18,792.29 |

**§2 (f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

  ☐ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $_____, with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

## Part 3: Priority Claims

**§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise.**

| Creditor | Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| Chester County Tax | | | $2,554.37 |

**§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☐ **None.** If "None" is checked, the rest of § 3(b) need not be completed.
NONE

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Claim Number | Amount to be Paid by Trustee |
|---|---|---|
| | | |
| | | |

**Part 4: Secured Claims**

### § 4(a) Secured Claims Receiving No Distribution from the Trustee:

☐ **xNONE**      **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Claim Number | Secured Property |
|---|---|---|
| ☐ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law. | | |
| ☐ if checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable nonbankruptcy law. | | |

### § 4(b) Curing default and maintaining payments

☐ **None.** If "None" is checked, the rest of § 4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Creditor | Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by Trustee |
|---|---|---|---|
| PHH mortgage | | 328 BALA TERRACE WEST WEST CHESTER, PA 19380 | $4,963.53 |

**§ 4(c) Allowed secured claims to be paid in full: based on proof of claim or pre-confirmation determination of the amount, extent or validity of the claim**

☐ **xxxxxxNone.** If "None" is checked, the rest of § 4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. *If the claimant included a different interest rate or amount for "present value" interest in its proof of claim or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.*

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**§ 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506**

☐ **xxxxxxNone.** If "None" is checked, the rest of § 4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

### § 4(e) Surrender
☐  xxxxxx**None**. If "None" is checked, the rest of § 4(e) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.
(2) The automatic stay under 11 U.S.C. § 362(a) and 1301(a) with respect to the secured property terminates upon confirmation of the Plan.
(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Claim Number | Secured Property |
|---|---|---|
|  |  |  |

### § 4(f) Loan Modification
☐  **None**. If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with_____or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $        per month, which represents_____(**describe basis of adequate protection payment**). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by_____(date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5: General Unsecured Claims

### § 5(a) Separately classified allowed unsecured non-priority claims
☐  **None**. If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Claim Number | Basis for Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|---|
| n/a |  |  |  |  |

### § 5(b) Timely filed unsecured non-priority claims
**(1)** Liquidation Test **(check one box)**
☐  All Debtor(s) property is claimed as exempt.
☐  Debtor(s) has non-exempt property valued at <u>$83,274.21</u> for purposes of § 1325(a)(4) and plan provides for distribution of $              to allowed priority and unsecured general creditors.

**(2)** Funding: § 5(b) claims to be paid as follows **(check one box)**:
☐  Pro rata
☐  xx100%
☐  Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

❑ **None.** If "None" is checked, the rest of § 6 need not be completed.

| Creditor | Claim Number | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|---|
|  |  |  |  |

## Part 7: Other Provisions

### § 7(a) General principles applicable to the Plan
**(1)** Vesting of Property of the Estate *(check one box)*
  ❑ xxxxUpon
  ❑ confirmation Upon
     discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b) Affirmative duties on holders of claims secured by a security interest in debtor's principal residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

**§ 7(c) Sale of Real Property**

☐ **None.** If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of_____(the "Real Property") shall be completed within_____months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale pursuant to 11 U.S.C. §363, either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) At the Closing, it is estimated that the amount of no less than $_____shall be made payable to the Trustee.

(5) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(6) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:___.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

> **Level 1:** Trustee Commissions*
> **Level 2:** Domestic Support Obligations
> **Level 3:** Adequate Protection Payments
> **Level 4:** Debtor's attorney's fees
> **Level 5:** Priority claims, pro rata
> **Level 6:** Secured claims, pro rata
> **Level 7:** Specially classified unsecured claims
> **Level 8:** General unsecured claims
> **Level 9:** Untimely filed general unsecured non-priority claims to which debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.*

## Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐

**None.** If "None" is checked, the rest of Part 9 need not be completed.

## Part 10:  Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date:   September 19, 2023                    /s/ Joseph Diorio, Esq
                                             Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date: _____         _____
                                  Debtor

Date: _____         _____
                                  Joint Debtor

EXHIBIT C

9/18/23, 10:35 AM

Live Database Area

# Eastern District of Pennsylvania
# Claims Register

### 23-11137-mdc Carol J. Stevens Debtor dismissed 09/08/2023

| | |
|---|---|
| **Chief Judge:** Magdeline D. Coleman | **Chapter:** 13 |
| **Office:** Philadelphia | **Last Date to file claims:** 06/28/2023 |
| **Trustee:** KENNETH E. WEST | **Last Date to file (Govt):** 10/16/2023 |

*Creditor:* (14779113)
Capital One N.A.
4515 N Santa Fe Ave
Oklahoma City, OK 73118

**Claim No: 1**
*Original Filed Date:* 05/03/2023
*Original Entered Date:* 05/03/2023

*Status:*
*Filed by:* CR
*Entered by:* Ashley Boswell
*Modified:*

Amount claimed: $232.37

*History:*

Details ❷ 1-1 05/03/2023 Claim #1 filed by Capital One N.A., Amount claimed: $232.37 (Boswell, Ashley)

*Description:*

*Remarks:*

*Creditor:* (14785190)
PHH Mortgage Corporation
PO Box 24606
West Palm Beach, FL 33416-4605

**Claim No: 2**
*Original Filed Date:* 05/25/2023
*Original Entered Date:* 05/25/2023

*Status:*
*Filed by:* CR
*Entered by:* CHARLES GRIFFIN WOHLRAB
*Modified:*

Amount  claimed: $200644.15
Secured claimed: $200644.15

*History:*

Details ❷ 2-1 05/25/2023 Claim #2 filed by PHH Mortgage Corporation, Amount claimed: $200644.15 (WOHLRAB, CHARLES)

*Description:*

*Remarks:* (2-1) Total Arrears $4963.53

*Creditor:* (14790454)
Verizon
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

**Claim No: 3**
*Original Filed Date:* 06/15/2023
*Original Entered Date:* 06/15/2023

*Status:*
*Filed by:* CR
*Entered by:* Ashley Boswell
*Modified:*

Amount claimed: $156.59

*History:*

Details ❷ 3-1 06/15/2023 Claim #3 filed by Verizon, Amount claimed: $156.59 (Boswell, Ashley)

*Description:*

*Remarks:*

9/18/23, 10:35 AM                                        Live Database Area

| | | |
|---|---|---|
| *Creditor:* (14790863)<br>Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | **Claim No: 4**<br>*Original Filed Date:* 06/16/2023<br>*Original Entered Date:* 06/16/2023 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Portia Kitt<br>*Modified:* |

Amount claimed: $2747.13

*History:*

Details   ❷   4-1   06/16/2023 Claim #4 filed by Portfolio Recovery Associates, LLC, Amount claimed: $2747.13 (Kitt, Portia)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (14776732)<br>Benchmark FCU<br>1522 McDaniel Drive<br>West Chester, PA 19380 | **Claim No: 5**<br>*Original Filed Date:* 06/26/2023<br>*Original Entered Date:* 06/26/2023 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Stacey D.<br>*Modified:* |

Amount claimed: $1566.00

*History:*

Details   ❷   5-1   06/26/2023 Claim #5 filed by Benchmark FCU, Amount claimed: $1566.00 (D., Stacey)

*Description:*
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (14793833)<br>U.S. Bank NA dba Elan Financial Services<br>Bankruptcy Department<br>PO Box 108<br>Saint Louis MO 63166-0108 | **Claim No: 6**<br>*Original Filed Date:* 06/27/2023<br>*Original Entered Date:* 06/27/2023 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Amanda Thomas<br>*Modified:* |

Amount claimed: $864.56

*History:*

Details   ❷   6-1   06/27/2023 Claim #6 filed by U.S. Bank NA dba Elan Financial Services, Amount claimed: $864.56 (Thomas, Amanda)

*Description:* (6-1) Credit Card 6060
*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (14796507)<br>Citadel Credit Union<br>Attn: Collections<br>520 Eagleview Blvd<br>Exton, PA 19341 | **Claim No: 7**<br>*Original Filed Date:* 07/06/2023<br>*Original Entered Date:* 07/06/2023 | *Status:*<br>*Filed by:* CR<br>*Entered by:* EPOC Administrator<br>*Modified:* |

Amount claimed: $13461.26

*History:*

Details   ❷   7-1   07/06/2023 Claim #7 filed by Citadel Credit Union, Amount claimed: $13461.26 (Administrator, EPOC)

*Description:*
*Remarks:* (7-1) Account Number (last 4 digits):1601

9/18/23, 10:35 AM                                                        Live Database Area

| | | |
|---|---|---|
| *Creditor:*      (14801323) | **Claim No: 8** | *Status:* |
| Chester County Tax Claim Bureau | *Original Filed* | *Filed by:* CR |
| 313 West Market Street | *Date:* 07/24/2023 | *Entered by:* Yvette R. |
| Suite 3602 | *Original Entered* | *Modified:* |
| West Chester PA 19380 | *Date:* 07/24/2023 | |

Amount claimed: $2554.37

*History:*

Details    ● 8-1    07/24/2023 Claim #8 filed by Chester County Tax Claim Bureau, Amount claimed: $2554.37 (R., Yvette)

*Description:*

*Remarks:* (8-1) Delinquent Real Estate Taxes

## Claims Register Summary

**Case Name:** Carol J. Stevens
**Case Number:** 23-11137-mdc
**Chapter:** 13
**Date Filed:** 04/19/2023
**Total Number Of Claims:** 8

| | |
|---|---|
| **Total Amount Claimed*** | $222,226.43 |
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $200,644.15 | |
| **Priority** | | |
| **Administrative** | | |
| **Unassigned (unsecured)** | _calculated | $0.00 |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/18/2023 10:34:09 | | |
| **PACER Login:** | marissajohn1 | **Client Code:** |  |
| **Description:** | Claims Register | **Search Criteria:** | 23-11137-mdc Filed or Entered From: 1/1/1900 Filed or Entered To: 9/18/2023 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

EXHIBIT D

You are:  🏠 Home (/filer/index.php)  ❯ Reports  ❯ All Documents (/filer/report/full.php)

**Logged in approximately (Sessions expire after 2 hours of inactivity):** less than a minute ago

Home (/filer/)

Document Upload (/filer/upload.php)

Matters Calendar (/pub/calendar/)

Case Check List  **New**  (/filer/check-list.php)

Debtor Education (/filer/dec/dec-inquiry.php)

Trustee Authorizations (/filer/trustees.php)

Documents Report (/filer/report/full.php)

Document Inbox (/filer/document-inbox.php)

Account (/filer/account.php)

**HELP**

[ Toggle menu ]

# All Documents

Listing all documents uploaded by your account. This list is searchable using the search box below. The search box will search all fields for your search term. Partial matches will be made.

[ 💾 Download History ▾ ]

[ Print current page ]  [ Column visibility ]

**Search:**
[                              ]

| Case | Received | Download | Type | Tr |
|------|----------|----------|------|-----|
| 2311137 | 2023-09-06 10:52:50 | N/A | Affidavit of no income tax returns | ▲ |
| 2311137 | 2023-09-06 10:52:49 | N/A | Miscellaneous - Other | |
| 2311684 | 2023-08-14 11:48:19 | 2023-08-14 12:00:15 | Date of Filing Checking Statement(s) | |
| 2311684 | 2023-08-14 11:48:18 | 2023-08-14 12:00:15 | Date of Filing Checking Statement(s) | |

| 2311684 | 2023-08-14 11:07:17 | 2023-08-14 11:30:26 | Tax Returns - Federal |
| 2311684 | 2023-08-10 14:50:16 | 2023-08-10 15:00:12 | Current paystub(s) - Debtor 1 |
| 2311684 | 2023-08-10 14:42:54 | 2023-08-10 15:00:12 | Correspondence |
| 2311684 | 2023-08-10 14:42:53 | 2023-08-10 15:00:12 | Fair Market Value - Real Estate |
| 2311684 | 2023-08-10 12:21:41 | 2023-08-10 12:30:12 | Social Security Card |
| 2311684 | 2023-08-10 12:21:40 | 2023-08-10 12:30:12 | COLOR PHOTO ID |
| 2311684 | 2023-08-10 12:21:40 | 2023-08-10 12:30:15 | Tax Returns - Federal |
| 2311684 | 2023-08-10 12:21:36 | 2023-08-10 12:30:16 | Tax Returns - Federal |

| Case | Received | Download | Type |

Showing 1 to 22 of 22 entries

Previous   Next

Independence Software, LLC. (https://www.indiesoft.co), 2022    PO Box 31244 Alexandria, VA 22310-0944
2.13.2

Connection detail... (Timezone: America/New_York IP: 173.59.23.30 Security:
TLSv1.3/TLS_AES_256_GCM_SHA384 Site: PRODUCTION)